**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, | |
| Plaintiff, | NO. 3:09-CV-02161 |
| v. | (JUDGE CAPUTO) |
| DARREN ROA and DEBORAH ROA, | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the Complaint of Plaintiff Phoenix Insurance Company against Defendants Darren and Deborah Roa. (Doc. 1.) Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P.

12(h)(3) (a court must dismiss an action if it lacks subject matter jurisdiction).

Here, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction. In viewing the Complaint, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the company's state of incorporation and its principal place of business. Plaintiff fails to allege its *principal* place of business, instead only listing its "place of business." Plaintiff also does not name its state of incorporation.

Plaintiff also improperly alleges facts sufficient to establish the citizenship of the Defendants. Plaintiff alleges in its Complaint that Defendants Darren Roa and Deborah Roa reside in Pennsylvania. It is well established that the term "citizenship" is not synonymous with "resident." *See Pa. House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) (McClure, J.) ("Although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location."). In order to properly allege diversity, a plaintiff must allege a defendant's state of citizenship, not merely of residence. Because the citizenship is insufficiently alleged for both Plaintiff and Defendants, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this   17th   day of December, 2009, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint is **DISMISSED without prejudice**.  The Clerk of the Court shall mark this case **CLOSED.**

                                                 /s/ A. Richard Caputo
                                                 A. Richard Caputo
                                                 United States District Judge